**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

---

SCOTT LOVSHIN,

Plaintiff,

v.

WISCONSIN CENTRAL LTD., d/b/a CN, and RENZENBERGER, INC., d/b/a HALLCON CREW TRANSPORT, INC.,

Defendants.

Case No. ________________

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

COMES NOW Plaintiff Scott Lovshin for his causes of action against Defendants, Wisconsin Central Ltd, a corporation, d/b/a CN (herein after referred to as "Canadian National" or "CN") and Defendant Renzenberger, Inc. d/b/a Hallcon Crew Transport, Inc. (herein after referred to as "Hallcon").

## PRELIMINARY STATEMENT

1. This action arises from a December 9, 2023 rollover crash during railroad-arranged transportation of Plaintiff Scott Lovshin, a Defendant CN locomotive engineer. Defendant Hallcon's driver, acting as Defendant CN's agent in performing its crew-transportation operational activity, drove too fast for a snowy and slippery roadway, lost control of the van, and rolled it several times into a ditch.

2. Plaintiff Lovshin seeks damages from Defendant CN under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51–60, for its own negligence and the negligence of its operational agents, including Defendant Hallcon and the individual driver. He also asserts breach-of-contract and negligence claims against Hallcon.

## PARTIES

3. Plaintiff Scott Lovshin ("Plaintiff" or "Mr. Lovshin") is a resident and citizen of Superior, Douglas County, Wisconsin. At all relevant times, he was employed by CN as a locomotive engineer in furtherance of interstate railroad commerce.

4. Defendant Wisconsin Central Ltd, a corporation, d/b/a CN ("Canadian National or "CN") was a corporation duly organized and existing under the laws of the State of Delaware, was duly licensed and registered to operate a system of railroads as a common carrier of freight for hire in and through the State of Wisconsin; and was engaged as a common carrier in interstate commerce.

5. Defendant Renzenberger, Inc., d/b/a Hallcon Crew Transport, Inc. ("Hallcon") was a foreign business corporation organized in the State of Kansas with its principal place of business in Kansas. Defendant Hallcon, was engaged in the business of transporting individuals from one location to another pursuant to contract, including employees of Defendant CN in and through the State of Wisconsin. Defendant Hallcon was and is authorized to conduct business in the State of Wisconsin, with operations and contracts in the State of Wisconsin.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court over Plaintiff's claims against Defendant CN and Defendant Hallcon is invoked under 28 U.S.C. § 1331, federal-question jurisdiction, and under 28 U.S.C. § 1367(a), supplemental jurisdiction, based on the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60 (FELA).

7. That the Court has jurisdiction of this case under 28. U.S.C. § 1332(a) because there is a diversity of citizenship, and the matters in controversy herein involve more than $75,000 exclusive of interests and costs.

8. The Court has personal jurisdiction over Defendant CN as it purposely availed itself of the privilege of conducting business activities in the State of Wisconsin, and maintained minimum contacts sufficient to confer jurisdiction.

9. The Court has personal jurisdiction over Defendant Hallcon as it purposely availed itself of the privilege of conducting business activities in the State of Wisconsin, and maintained minimum contacts sufficient to confer jurisdiction.

10. Venue to bring Plaintiff's FELA claims in this Court is proper pursuant to 45 U.S.C. § 56, which allows bringing FELA claims in the district where the cause of action arose or in the district where the defendant is doing business at the time the action is commenced. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions occurred here.

11. Plaintiff's FELA claims are timely commenced pursuant to 45 U.S.C. § 56.

**FACTUAL ALLEGATIONS**

12. Defendant CN's railroad operations required its train crews to travel to assigned trains and work locations. Defendant CN arranged for Defendant Hallcon to perform that transportation on its behalf as part of its railroad operations.

13. Defendant CN and Defendant Hallcon had an express or implied agreement for transportation of Defendant CN's employees ("Agreement"). Defendant Hallcon was attempting to perform under that Agreement when Plaintiff was injured.

14. The Agreement is believed to require Defendant Hallcon to transport Defendant CN employees safely, comply with applicable federal, state, and local laws and rules of the road, follow applicable Defendant CN safety rules and procedures, and provide qualified, trained, and supervised drivers.

15. Defendant CN is believed to have had contractual rights to obtain and review Defendant Hallcon transportation records, including driver qualification files, background checks, training,

hours of service, drug and alcohol testing, discipline, employment records, and performance reviews.

16. The Agreement is believed to have required Defendant Hallcon to defend and indemnify Defendant CN against FELA claims arising from Defendant Hallcon's acts or omissions, or any act or omission of its employees and/or agents.

17. The safe-transportation duties were intended directly to protect employees like Plaintiff who Defendant CN assigned to ride in Defendant Hallcon's vehicle. Plaintiff was a member of that specifically intended class of beneficiaries.

18. On December 9, 2023, Plaintiff was working within the course and scope of his railroad employment. Defendant CN designated his transportation from Stevens Point, Wisconsin, to his assigned location in Pokegama, Wisconsin, and Defendant Hallcon picked him up to perform that assignment.

19. Defendant Hallcon supplied its 2019 Dodge Grand Caravan ("Vehicle") and assigned an employee/agent to drive the vehicle. The driver accepted and attempted to perform the assignment to transport Plaintiff to his railroad work location. Plaintiff Lovshin sat in the car wearing his lap-and-shoulder belt.

20. The transportation was railroad-directed movement of a railroad employee to his assigned train, undertaken for Defendant CN's benefit and in furtherance of its interstate railroad business.

21. Defendant CN designated the railroad employee to be transported and the transportation's railroad purpose and destination. On information and belief, it retained authority under its arrangement with Defendant Hallcon to give transportation-related instructions and require compliance with applicable railroad safety requirements.

22. The Driver for Defendant Hallcon was the individual through whom Defendant Hallcon carried out Defendant CN's transportation assignment. At the time of the crash, the Driver was

performing the very operational activity that Defendant CN had entrusted to Defendant Hallcon: driving its employee to his assigned work location.

23. Accordingly, both Defendant Hallcon and its Driver were Defendant CN's agents while performing that operational activity.

24. At approximately 3:33 p.m., the Vehicle was traveling north on U.S. Highway 53 in the Town of Hawthorne, Douglas County, near mile marker 216 and just north of County Highway B.

25. Conditions were dangerous and not safe for driving and should have been stopped or speeds severely reduced because snow was falling, and the highway was or was becoming snow-covered, icy, and very slippery. The conditions required suspension of driving entirely or reduced speed, careful observation, and driving that preserved traction and control.

26. The Driver drove at an excessive and unsafe speed for the conditions. She failed to reduce speed sufficiently for the snow, ice, and slippery pavement and failed to respond as a reasonably careful professional passenger-transport driver would have done.

27. Wis. Stat. § 346.57(2)–(3) required reasonable and prudent speed and an appropriately reduced speed when weather or highway conditions presented a special hazard. The Driver failed to comply with those requirements.

28. The Driver lost control on the roadway. The Vehicle began to spin, left the northbound roadway to the right, and rolled several times before coming to rest facing south in the east ditch, sustaining disabling damages.

29. The investigating sheriff's officer documented the snowy, slippery roadway and identified the driver action as "SPEED TOO FAST/COND."

30. Emergency responders treated Plaintiff, and he was transported by ambulance to a Medical Center in Duluth.

31. The Driver failed to maintain proper lookout and control, failed to adjust her driving to the weather conditions and road surface, and failed to take timely defensive-driving precautions to prevent the loss of control and rollover.

32. Defendant Hallcon's driver training and instructions required or should have required recognition of hazardous weather, appropriate speed reduction, maintenance of vehicle control, reasonable passenger-safety precautions, and defensive driving strategies. The Driver failed to follow those instructions and training during the trip.

33. Defendant Hallcon is believed to have failed to adequately train and test the Driver in winter and defensive driving, reasonably supervise her performance, and enforce safe-driving requirements before continuing to entrust railroad passengers to her.

34. A reasonable qualification review, training, and supervision by either Defendant would have disclosed deficiencies in her ability or willingness to follow safe-driving instructions. Defendants knew or should have known of those deficiencies and failed to correct them, restrict her assignments, or remove her from passenger-driving duties.

35. Defendant CN failed to exercise reasonable care in selecting, overseeing, and continuing to use Defendant Hallcon and failed to reasonably use available oversight rights to ensure competent, adequately trained and supervised drivers and safe transportation practices.

36. The danger of transporting passengers too fast on snow-covered, icey, and slippery pavement was foreseeable. Appropriate speed reduction, defensive driving, effective instruction, and reasonable supervision would have prevented the loss of control and rollover.

37. As a result, Plaintiff sustained serious and permanent personal injuries and past, present, and future pain, mental suffering, disability, medical and related expenses, lost earnings, impairment of future earning capacity, and loss of enjoyment of life.

## CAUSES OF ACTION

**COUNT ONE — NEGLIGENCE UNDER FELA**
**(Defendant CN/Wisconsin Central Ltd)**

38. Plaintiff incorporates paragraphs 1 through 37.

39. Defendant CN was a common carrier by railroad engaged in interstate commerce, and Plaintiff was its employee performing duties furthering that commerce. Defendant CN owed him a nondelegable duty to exercise reasonable care to provide reasonably safe working conditions, including employment-related transportation, methods, procedures, and supervision.

40. Under 45 U.S.C. § 51, Defendant CN is liable for injury resulting in whole or in part from its own negligence or that of its officers, agents, or employees. Those agents included Defendant Hallcon and its Driver while performing the crew-transportation activity described above.

41. Defendant CN breached its duties directly and through its agents in one or more of the following respects:

a. Failing to provide reasonably safe transportation and a reasonably safe transportation provider;

b. Failing to exercise reasonable care in selecting, overseeing, and retaining Defendant Hallcon for employee transportation;

c. Failing to reasonably evaluate driver qualification, training, competence, and supervision through available oversight;

d. Failing to adopt, communicate, and enforce adequate winter-driving and defensive-driving requirements;

e. Using or permitting inadequately trained, instructed, tested, or supervised drivers;

f. Through its agents, driving too fast for conditions, failing to reduce speed, failing to keep proper lookout, and failing to maintain control;

g. Through its agents, failing to follow safety instructions and the reasonable-speed requirements of Wis. Stat. § 346.57(2)–(3); and

h. Other acts of negligence that may be determined by evidence.

42. The above-described negligent acts and the negligence of its agents caused or contributed, in whole or in part, to Plaintiff's injuries and damages.

43. As a result, Plaintiff suffered severe, permanent, and disabling injuries and damages, he has suffered pain in the past and will suffer pain in the future; has incurred expenses for medical attention and hospitalization, will incur further like expenses in the future, has suffered loss of earnings and loss of future earning capacity; and has suffered loss of his enjoyment of living, all to his injury and damage.

**COUNT TWO — FELA AGENCY**
**(Defendant CN/Wisconsin Central Ltd)**

44. Plaintiff incorporates paragraphs 1 through 43.

45. Defendant CN and Defendant Hallcon had an agreement and/or contract, either express or implied, for the transportation of Defendant CN employees in and through the State of Wisconsin and Defendant Hallcon was performing this operational activity on behalf of Defendant CN pursuant to said agreement and/or contract at the time of the subject rollover crash. Under law, Defendant Hallcon was an agent of Defendant CN. *Sinkler v. Missouri Pacific Railroad Co.*, 356 U.S. 326, 331-32 (1958).

46. That Under the FELA, at all times Defendant CN, by and through its agent Defendant Hallcon had a non-delegable duty to provide Plaintiff with a reasonably safe place to work, reasonably safe conditions for work, reasonably safe methods and procedures for work, reasonably safe supervision for work, and a duty to exercise reasonable care in connection with all aspects of Plaintiff's working environment specifically including at the time and place of the rollover crash.

47. That Defendant CN, by and through its agent Defendant Hallcon, breached its non-delegable duties of care owed to Plaintiff and was thereby negligent in one or more of the following particulars:

a. Defendant CN, by and through its agent Defendant Hallcon, Inc., failed to provide Plaintiff with a reasonably safe place to work;

b. Defendant CN, by and through its agent Defendant Hallcon, failed to provide Plaintiff with reasonably safe conditions for work;

c. Defendant CN, by and through its agent Defendant Hallcon, failed to provide Plaintiff with reasonably safe and adequate transportation;

d. Defendant CN, by and through its agent Defendant Hallcon, failed to operate the passenger vehicle in a safe, diligent, and prudent manner;

e. Defendant CN, by and through its agent Defendant Hallcon, failed to keep a careful and proper lookout so as to avoid the collision;

f. Defendant CN, by and through its agent Defendant Hallcon, customarily failed to enforce its own safety rules, policies, and procedures;

g. Defendant CN, by and through its agent Defendant Hallcon, allowed and permitted unsafe work practices and procedures to become customary and accepted work practices;

h. Defendant CN, by and through its agent Defendant Hallcon, failed to comply with one or more Federal Motor Carrier Safety Administration Hours of Service regulations;

i. Defendant CN, by and through its agent Defendant Hallcon, failed to provide Plaintiff with a vehicle to ride in that was safe and fit for the purposes for which it was intended;

j. Defendant CN, by and through its agent Defendant Hallcon, failed to exercise a reasonable degree of skill to avoid the crash;

k. Defendant CN, by and through its agent Defendant Hallcon, failed to operate the vehicle at a reasonable and safe speed so as to avoid the crash;

l. Defendant CN, by and through its agent Defendant Hallcon, failed to maintain control and/or adequate control of the vehicle so as to avoid the crash;

m. Defendant CN, by and through its agent Defendant Hallcon, failed to train and/or adequately train their employee concerning the safe operation of its vehicles while transporting employees of Defendant CN;

n. Defendant CN, by and through its agent Defendant Hallcon, failed to screen and/or reasonably screen its employees, servants, and/or agents concerning their qualifications and safety history so as to be able to safely operate Defendant Hallcon's vehicles;

o. Defendant CN, by and through its agent Defendant Hallcon, failed to comply and/or reasonably comply with Defendant Hallcon's training and policies regarding the safe operation of passenger vehicles including where and how to operate a vehicle when faced with a potential collision on the roadway;

p. Defendant CN permitted its agent to negligently and carelessly operate the vehicle when conditions were unsafe for driving, or in manners and conditions that violated the applicable state and local laws;

q. Defendant CN, by and through its agent Defendant Hallcon, failed to train or ensure the competency of its drivers in basic defensive driving tactics; and

r. Other acts of negligence that may be determined by the evidence.

48. That Defendant CN, by and through its agent Defendant Hallcon knew, or in the exercise of reasonable care should have known, that its negligent acts or omissions, as well as other acts of negligence and/or violations of statutory and safety regulations could, would, or might cause harm to Plaintiff.

49. That as a result of the above-described negligent acts, Plaintiff suffered severe, permanent, and disabling injuries and damages, he has suffered pain in the past and will suffer pain in the future; has incurred expenses for medical attention and hospitalization, will incur further like expenses in the future, has suffered loss of earnings and loss of future earning capacity; and has suffered loss of his enjoyment of living, all to his injury and damage.

**COUNT THREE — BREACH OF CONTRACT**
**INTENDED THIRD-PARTY BENEFICIARY**
**(Defendant Hallcon)**

50. Lovshin incorporates paragraphs 1 through 49.

51. That upon information and belief, Defendant CN and Defendant Hallcon are parties to a contract governing Hallcon's transportation of CN's employees.

52. Under such contract, Defendant Hallcon agreed to abide by certain conduct, including but not limited to, complying with Defendant CN rules and procedures, applicable local and state laws,

traffic regulations, and rules of the road, and requirements, laws, regulations, and industry standards/practices concerning sufficient instruction, safe hiring practices, and other activities related to the safe transportation of Defendant CN's employees by Defendant Hallcon.

53. That Plaintiff, as an employee of Defendant CN, is a specific and intended third-party beneficiary of the contract between Defendant CN and Defendant Hallcon.

54. That Defendant Hallcon breached its contract with Defendant CN when it failed to comply with said rules, procedures, practices, instructions, and laws.

55. That Defendant Hallcon breached its contract with Defendant CN when its employee drove and operated its vehicle unreasonably, negligently, and in violation with the laws, standards, and rules required of professional drivers.

56. That as a consequence of Defendant Hallcon's breach of contract, Plaintiff is entitled to all damages available to him under the contract as well as all damages provided by all applicable laws, including but not limited to personal injury and FELA.

57. That as a result of the above-described breach of contract, Plaintiff suffered severe, permanent, and disabling injuries and damages, he has suffered pain in the past and will suffer pain in the future; has incurred expenses for medical attention and hospitalization, will incur further like expenses in the future, has suffered loss of earnings and loss of future earning capacity; and has suffered loss of his enjoyment of living, all to his injury and damage.

**COUNT FOUR — NEGLIGENCE: HIRING, TRAINING, SUPERVISION, RETENTION, AND VICARIOUS LIABILITY**
**(Defendant Hallcon)**

58. Plaintiff incorporates paragraphs 1 through 57.

59. Defendant Hallcon owed Plaintiff an independent duty of ordinary care in supplying passenger transportation and in hiring, qualifying, training, instructing, supervising, and retaining the Driver entrusted with his safety.

60. Defendant Hallcon breached that duty by failing to reasonably evaluate its Driver's qualifications and winter-driving competence; provide adequate training and instruction; test compliance with safe-driving requirements; supervise performance and correct deficiencies; and refrain from continuing to assign her to passenger transportation when reasonable qualification review, training, and supervision would have disclosed an unreasonable risk.

61. Defendant Hallcon's failures were a substantial factor in or caused the Driver's unsafe speed, failure to follow safe-driving instructions, and loss of control, and those acts were a substantial factor in the rollover and resulting injuries.

62. Separately, Defendant Hallcon is vicariously liable for its Driver's negligence because she was its employee acting within the course and scope of employment. She negligently drove when it was unsafe to drive, and/or drove too fast for conditions, failed to reduce speed appropriately, failed to keep proper lookout and control, and failed to follow safe-driving instructions, defensive driving requirements, and Wis. Stat. § 346.57(2)–(3) among other statutory violations that may be determined by the evidence.

63. The Driver's negligence was a substantial factor in causing Plaintiff's injuries and damages. Defendant Hallcon is liable for those damages and for its own negligence.

64. That as a result of the above-described negligent acts, Plaintiff suffered severe, permanent, and disabling injuries and damages, he has suffered pain in the past and will suffer pain in the future; has incurred expenses for medical attention and hospitalization, will incur further like expenses in the future, has suffered loss of earnings and loss of future earning capacity; and has suffered loss of his enjoyment of living, all to his injury and damage.

**WHEREFORE**, Plaintiff Mr. Lovshin prays judgment against Defendants in an amount to be determined as reasonable compensation for all the injuries and damages he has suffered,

together with interest thereon as provided by law, and for his costs and disbursements herein incurred, and for such other and further relief as the Court may deem just and appropriate.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

**HUNEGS, LeNEAVE & KVAS, P.A.**

Dated: 11/13/2026

By: *s/Thomas W. Fuller*________

Cortney S. LeNeave, MN ID 018424X
Thomas W. Fuller, MN ID 394778
Isabel S. Johnson, MN ID 0402429
1000 Twelve Oaks Center Drive, Suite 101
Wayzata, Minnesota 55391
(612) 339-4511
cleneave@hlklaw.com
tfuller@hlklaw.com
ijohnson@hlklaw.com